# Supreme Court of Florida

_____

No. SC17-2040
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE - 2017 FAST-TRACK REPORT.**

[February 1, 2018]

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a "fast-track" out-of-cycle report proposing amendments to the Florida Rules of Juvenile Procedure in response to recent legislation. See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction[1] and adopt the amendments as proposed.

The Committee proposes amendments to rules 8.305 (Shelter Petition, Hearing, and Order), 8.325 (Answers and Pleadings), 8.335 (Alternatives Pending Disposition), 8.340 (Disposition Hearings), 8.345 (Post-Disposition Relief), 8.347 (Motion to Supplement Order of Adjudication, Disposition Order, and Case Plan), 8.400 (Case Plan Development), 8.401 (Case Plan Development for Young

_____

1. Art. V, § 2(a), Fla. Const.

Adults), 8.415 (Judicial Review of Dependency Cases), 8.435 (Reinstatement of Jurisdiction for Young Adult), and 8.505 (Process and Service), and forms 8.967 (Order of Disposition, Acceptance of Case Plan, and Notice of Hearing), 8.973A (Order on Judicial Review for Child Age 17 or Older), 8.973B (Order on Judicial Review), and 8.973C (Order on Judicial Review for Young Adults in Extended Foster Care). The majority of the proposals implement statutory changes that became effective May 1, 2017, and July 1, 2017.[2] The other amendments are purely technical changes.

The Board of Governors of The Florida Bar unanimously approved the proposals. The Committee did not publish its proposals before filing them with the Court.

After considering the proposed amendments and reviewing the relevant legislation, we amend the Florida Rules of Juvenile Procedure as proposed by the Committee. The more significant amendments are discussed below.

The amendments to subdivisions (e)(1) (Notice; In General) and (e)(2) (Notice; Summons) of rule 8.347 (Motion to Supplement Order of Adjudication, Disposition Order, and Case Plan) add language that must be included in a notice

---

2. See ch. 2017-8, §§ 3, 8, Laws of Fla. (amending § 39.701(3)(a), Fla. Stat.; effective May 1, 2017); ch. 2017-151, §§ 3, 7, 10, 12-13, 17, 21, 46, Laws of Fla. (amending §§ 39.013(2), 39.402(8)(c), 39.507(7)(b), 39.521(1)(a), 39.522(2), (3), 39.6035(4), 39.801(3)(a), Fla. Stat.; effective July 1, 2017).

of hearing on a motion to supplement and in a summons in order for the court to find that the failure of a properly served person to appear at the preliminary hearing on the motion constitutes consent to the motion. See ch. 2017-151, § 10, Laws of Fla. (amending § 39.507(7)(b), Fla. Stat. (2016)). The amendment to subdivision (f)(3) (Preliminary Hearing on Motion) of rule 8.347 provides, "Failure of the person properly served with notice to personally appear at the preliminary hearing on the motion [to supplement] constitutes the person's consent to the court's finding that the person contributed to the dependency status of the child pursuant to the statutory definition of a dependent child." New subdivision (g)(5) (Evidentiary Hearing; Failure to Appear) provides that if a person appears for the preliminary hearing on the motion to supplement and the court orders that person to personally appear at the evidentiary hearing on the motion, that person's failure to appear for the evidentiary hearing constitutes consent to the court's finding that the person contributed to the dependency status of the child.

New subdivision (d)(9) is added to rule 8.400 (Case Plan Development) to require the Department of Children and Families (Department) to attach the child's transition plan, if applicable, to the case plan. See ch. 2017-151, § 17, Laws of Fla. (amending § 39.6035(4), Fla. Stat. (2016)). New (c)(5) (Department Responsibility) is added to rule 8.401 (Case Plan Development for Young Adults) to require the Department to attach the young adult's transition plan to the case

plan. The amendment to subdivision (b)(3) (Review Hearings for Children 17 Years of Age) of rule 8.415 (Judicial Review of Dependency Cases) requires the Department to update the child's transition plan before each judicial review hearing and requires the court to approve the transition plan before the child's 18th birthday. Forms 8.973B (Order on Judicial Review), and 8.973C (Order on Judicial Review for Young Adults in Extended Foster Care) are amended consistent with the rule changes.

The amendment to subdivision (a)(1) (Petition for Reinstatement of Jurisdiction) of rule 8.435 (Reinstatement of Jurisdiction for Young Adult) is in response to chapter 2017-151, section 3, Laws of Florida, which amended section 39.013(2), Florida Statutes (2016), to extend the court's jurisdiction over a child with a disability who is in foster care until that child reaches the age of 22. Subdivision (a)(1) of the rule is amended to provide that "[i]f a young adult who is between the ages of 18 and 21, or 22 if the young adult has a disability, is re-admitted to foster care, the department shall petition the court to reinstate jurisdiction over the young adult." Forms 8.973A (Order on Judicial Review for Child Age 17 or Older), 8.973B (Order on Judicial Review), and 8.973C (Order on Judicial Review for Young Adults in Extended Foster Care) are amended consistent with the rule change.

Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]

It is so ordered.

3. All comments must be filed with the Court on or before April 2, 2018, with a certificate of service verifying that a copy has been served on the Committee Chair, Kara Ann Fenlon, 301 S. Monroe Street, Suite 401, Tallahassee, Florida 32301-1861, Kara.Fenlon@flpd2.com, and on the Bar Staff Liaison to the Committee, Mikalla Andies Davis, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, mdavis@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until April 23, 2018, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. See In re Electronic Filing in the Florida Supreme Court, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Kara Ann Fenlon, Chair, Juvenile Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, Krys Godwin and Mikalla Andies Davis, Staff Liaisons, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**APPENDIX**

**RULE 8.305.        SHELTER PETITION, HEARING, AND ORDER**

    **(a)    [No Change]**

    **(b)    Shelter Hearing.**

        (1) – (8)      [No Change]

        (9)      If the identity of a parent is unknown, the court must conduct the inquiry required by law.

        (910)      The court shall inquire of the parents whether the parents have relatives who might be considered for placement of the child. The parents shall provide to the court and all parties identification and location information regarding the relatives. The court shall advise the parents that the parents have a continuing duty to inform the department of any relative who should be considered for placement of the child.

        (1011)      The court shall advise the parents that if the parents fail to substantially comply with the case plan their parental rights may be terminated and the child's out-of-home placement may become permanent.

        (1112)      The court must request that the parents consent to provide access to the child's medical and educational records and provide information to the court, the department, or its contract agencies, and any guardian ad litem or attorney for the child. If a parent is unavailable, is unable to consent, or withholds consent and the court determines access to the records and information is necessary to provide services for the child, the court shall issue an order granting access.

        (1213)      The court may order the parents to provide all known medical information to the department and to any others granted access.

        (1314)      If the child has or is suspected of having a disability and the parent is unavailable pursuant to law, the court must appoint a surrogate parent or refer the child to the district school superintendent for appointment of a surrogate parent.

(~~14~~15)    If the shelter hearing is conducted by a judge other than a judge assigned to hear dependency cases, a judge assigned to hear dependency cases shall hold a shelter review on the status of the child within 2 working days after the shelter hearing.

**(c) – (d)    [No Change]**


**RULE 8.325.    ANSWERS AND PLEADINGS**

**(a) – (b)    [No Change]**

**(c)    Admission of or Consent to Dependency.** The parent or legal custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the admission or consent, and that the parent has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts on which the findings are based. ~~If the answer admits the allegations of the petition it shall constitute consent to a predisposition study.~~


**RULE 8.335.    ALTERNATIVES PENDING DISPOSITION**

If the court finds that the evidence supports the allegations of the petition, it may make a finding of dependency as provided by law. If the ~~predisposition and other~~ reports required by law are available, the court may proceed to disposition or continue the case for a disposition hearing. If the case is continued, the court may refer the case to appropriate agencies for additional study and recommendation. The court may order the child continued in placement, designate the placement or the agency that will be responsible for the child's placement, and enter such other orders deemed necessary to protect the health, safety, and well-being of the child, including diagnosis, evaluation, treatment, and visitation.

**RULE 8.340.      DISPOSITION HEARINGS**

**(a) – (b)      [No Change]**

**(c)      Orders of Disposition.** The court shall in its written order of disposition include:

(1) – (9)      [No Change]

(10)   approval of the case plan and any reports required by law as filed with the court. If the court does not approve the case plan at the disposition hearing, the court must set a hearing within 30 days after the disposition hearing to review and approve the case plan.

**Committee Notes**

**[No Change]**


**RULE 8.345.      POST-DISPOSITION RELIEF**

**(a)      Motion for Modification of Placement.** A child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision or legal custody of the department, may be brought before the court by the department or any interested person on a motion for modification of placement. If neither the department, the child, the parents, the legal custodian, nor any appointed guardian ad litem or attorney ad litem object to the change, then the court may enter an order making the change in placement without a hearing. If the department, the child, the parents, the legal custodian, or any appointed guardian ad litem or attorney ad litem object to the change of placement, the court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.

(1)      In cases in which the issue before the court is whether a child should be reunited with a parent, and the child is currently placed with someone other than a parent, the court must review the conditions for return and determine whether the ~~parent has substantially complied with the terms of the case plan~~circumstances that caused the out-of-home placement and issues subsequently identified have been remedied to the extent that the return of the child to the home with an in-home safety plan prepared or approved by the department will not be

- 9 -

detrimental to the child's safety, well-being, and physical, mental, and emotional health ~~of the child is not endangered by the return of the child to the home~~.

(2)     In cases in which the issue before the court is whether a child who is placed in the custody of a parent should be reunited with the other parent upon a finding ~~of substantial compliance with the terms of the case plan~~that the circumstances that caused the out-of-home placement and issues subsequently identified have been remedied to the extent that the return of the child to the home of the other parent with an in-home safety plan prepared or approved by the department will not be detrimental to the child, the court must determine that the safety, well-being, and physical, mental, and emotional health of the child would not be endangered by reunification and that reunification would be in the best interest of the child.

**(b)     [No Change]**


**RULE 8.347.     MOTION TO SUPPLEMENT ORDER OF ADJUDICATION, DISPOSITION ORDER, AND CASE PLAN**

**(a) – (d)     [No Change]**

**(e)     Notice.**

**(1)     In General.** Parents or legal custodians who have previously been properly served with the dependency petition or who have previously appeared in the dependency proceeding shall be served with a notice of hearing and copies of the motion and the initial order of adjudication of dependency in the same manner as the service of documents that are filed after the service of the initial dependency petition as provided in these rules. The notice shall require the person on whom it is served to appear for the preliminary hearing on the motion at a time and place specified, not less than 72 hours after service of the motion. The document containing the notice to respond or appear must contain, in type at least as large as the balance of the document, the following or substantially similar language: "FAILURE TO PERSONALLY APPEAR AT THE PRELIMINARY HEARING ON THE MOTION CONSTITUTES YOUR CONSENT TO THE COURT'S FINDING THAT YOU CONTRIBUTED TO THE DEPENDENCY STATUS OF THE CHILD PURSUANT TO THE STATUTORY DEFINITION

OF A DEPENDENT CHILD AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN)."

**(2)     Summons.**

(A)     Parents or legal custodians who have not been properly served with the dependency petition or who have not previously appeared in the dependency proceeding must be properly served with a summons and copies of the motion and the initial order of adjudication of dependency. The summons must require the person on whom it is served to appear for a preliminary hearing on the motion at a time and place specified, not less than 72 hours after service of the summons. The summons must contain, in type at least as large as the balance of the document, the following or substantially similar language: "FAILURE TO PERSONALLY APPEAR AT THE PRELIMINARY HEARING ON THE MOTION CONSTITUTES YOUR CONSENT TO THE COURT'S FINDING THAT YOU CONTRIBUTED TO THE DEPENDENCY STATUS OF THE CHILD PURSUANT TO THE STATUTORY DEFINITION OF A DEPENDENT CHILD AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN)."

(B) – (G)     [No Change]

**(f)     Preliminary Hearing on Motion.**

(1)     [No Change]

(2)     If the parent or legal custodian who is the subject of the motion wishes to challenge the motion ~~or if the parent or legal custodian was properly served and fails to appear at the preliminary hearing~~, the court must schedule an evidentiary hearing on the motion within 30 days.

(3)     If the parent or legal custodian who is the subject of the motion wishes to consent to the motion without admitting or denying the allegations of the motion, the court shall enter an order supplementing the initial order of adjudication of dependency based on the sworn allegations of the motion. Failure of the person properly served with notice to personally appear at the preliminary hearing on the motion constitutes the person's consent to the court's finding that the person contributed to the dependency status of the child pursuant to the statutory definition of a dependent child.

**(g)     Evidentiary Hearing.**

**(1) – (4)** **[No Change]**

**(5)** **Failure to Appear.** If a person appears for the preliminary hearing on the motion and the court orders that person to personally appear at the evidentiary hearing on the motion, stating the date, time, and place of the evidentiary hearing, then that person's failure to appear for the scheduled evidentiary hearing constitutes consent to the court's finding that the person contributed to the dependency status of the child pursuant to the statutory definition of a dependent child.

**(h)** **[No Change]**

**(i)** **Supplemental Disposition Hearing.**

**(1)** **[No Change]**

**(2)** **Supplemental ~~Predisposition Study~~Reports and Case Plan.**

(A) A written case plan and ~~a predisposition study~~any reports required by law prepared by an authorized agent of the department must be filed with the court, served upon the parents of the child, provided to the representative of the guardian ad litem program, if the program has been appointed, and provided to all other parties not less than 72 hours before the supplemental disposition hearing.

(B) The court may grant an exception to the requirement for ~~a predisposition study~~any reports required by law by separate order or within the judge's order of disposition upon a finding that all the family and child information required by law is available in other documents filed with the court.

**(3)** **Supplemental Order of Disposition.** The court shall in its written supplemental order of disposition include:

(A) – (G) [No Change]

(H) approval of the case plan and any reports required by law or direction to amend the case plan within 30 days; and

(I) [No Change]

- 12 -

**RULE 8.400.**     **CASE PLAN DEVELOPMENT**

   **(a) – (c)**     **[No Change]**

   **(d)**     **Department Responsibility.**

      (1) – (8)     [No Change]

      (9)     The department must attach a copy of the child's transition plan, if applicable, to the case plan.

   **(e) – (f)**     **[No Change]**


**RULE 8.401.**     **CASE PLAN DEVELOPMENT FOR YOUNG ADULTS**

   **(a)**     **[No Change]**

   (**b**)     **Contents.** The case plan must be written simply and clearly in English and the principal language of the young adult. Each case plan must contain:

      (1)     A̶a description of the services, including independent living services, to be provided to the young adult;

      (2)     A̶a copy of the young adult's transition plan;

      (3)     T̶the permanency goal of transition from licensed care to independent living; and

      (4)     T̶the date the compliance period expires.

   **(c)**     **Department Responsibility.**

      (1) – (4)     [No Change]

      (5)     The department must attach a copy of the young adult's transition plan to the case plan.

   **(d) – (f)**     **[No Change]**

**RULE 8.415.    JUDICIAL REVIEW OF DEPENDENCY CASES**

    **(a)    [No Change]**

    **(b)    Scheduling Hearings.**

        **(1) – (2)    [No Change]**

        **(3)    Review Hearings for Children 17 Years of Age.** The court must hold a judicial review hearing within 90 days after a child's 17th birthday. The court must also issue an order, separate from the order on judicial review, that the specific disabilities of nonage of the child have been removed pursuant to sections 743.044, 743.045, 743.046, and 743.047, Florida Statutes, as well as any other disabilities of nonage that the court finds to be in the child's best interest to remove. The court must continue to hold timely judicial review hearings. The department must update the child's transition plan before each judicial review hearing as required by law. If necessary, the court may review the status of the child more frequently during the year before the child's 18th birthday. At the last review hearing before the child reaches 18 years of age, the court must also address whether the child plans to remain in foster care, and, if so, ensure that the child's transition plan complies with the law. The court must approve the child's transition plan before the child's 18th birthday.

        **(4)    [No Change]**

    **(c) – (i)    [No Change]**

**Committee Notes**

**[No Change]**

**RULE 8.435.    REINSTATEMENT OF JURISDICTION FOR YOUNG ADULT**

    **(a)    Petition for Reinstatement of Jurisdiction.**

        (1)    If a young adult who is between the ages of 18 and 21, or 22 if the young adult has a disability, is re-admitted to foster care, the department shall petition the court to reinstate jurisdiction over the young adult.

- 14 -

(2) – (3)      [No Change]

**(b) – (c)      [No Change]**


**RULE 8.505.      PROCESS AND SERVICE**

**(a)      Personal Service.** On the filing of a petition requesting the termination of parental rights, a copy of the petition and notice of the date, time, and place of the advisory hearing must be personally served on:

(1) – (5)      [No Change]

(6)      any prospective parent identified by law, unless a court order has been entered which indicates no further notice is required, or if the prospective father executes an affidavit of nonpaternity or a consent to termination of his parental rights which is accepted by the court after notice and opportunity to be heard by all parties to address the best interests of the child in accepting such affidavit;

(7) – (9)      [No Change]

**(b) – (d)      [No Change]**

**FORM 8.967.**        **ORDER OF DISPOSITION, ACCEPTANCE OF CASE PLAN, AND NOTICE OF HEARING**

ORDER OF DISPOSITION, ACCEPTANCE OF CASE PLAN,

AND NOTICE OF HEARING

THIS CAUSE came before this court on .....(date)....., under chapter 39, Florida Statutes, for disposition of the Petition for Dependency and acceptance of the Case Plan filed by the Department of Children and Family Services.

The following persons appeared before the court:

.....      .....(Name)....., Petitioner

.....      .....(Name)....., Attorney for the petitioner

.....      .....(Name)....., Attorney for the department

.....      .....(Name)....., Department caseworker

.....      .....(Name)....., Mother

.....      .....(Name)....., Attorney for mother

.....      .....(Name)....., Father of .....(child).....

.....      .....(Name)....., Attorney for father

.....      .....(Name)....., Guardian ad litem

.....      .....(Name)....., Attorney for guardian ad litem

.....      .....(Name)....., Legal custodian

.....      .....(Name)....., Attorney for legal custodian

.....      .....(Name)....., Other ..........._____

The court having considered the ~~Predisposition Study~~family functioning assessment and Case Plan filed by the department and having heard testimony and argument and being otherwise fully advised in the premises finds that:

1.      The minor child(ren) who is/are the subject matter of these proceedings, was/were adjudicated dependent within the meaning and intent of chapter 39, Florida Statutes, continue to be dependent, and is/are residents of the State of Florida.

2.      The minor child(ren) is/are of an age subject to the jurisdiction of this Court.

3.      The following parties were notified of this hearing and provided a copy of the Case Plan and ~~Predisposition Report~~family functioning assessment filed in this cause:

.....      .....(Name)....., Petitioner

.....      .....(Name)....., Attorney for the petitioner

.....      .....(Name)....., Attorney for the department

.....      .....(Name)....., Department caseworker

.....      .....(Name)....., Mother

.....      .....(Name)....., Attorney for mother

.....      .....(Name)....., Father of .....(child).....

.....      .....(Name)....., Attorney for father

.....      .....(Name)....., Guardian ad litem

.....      .....(Name)....., Attorney for guardian ad litem

.....      .....(Name)....., Other .........._____

4.      The mother, .....(name).....:

     .....      did not appear and ..... was ....._ was not represented by legal counsel;

     .....      appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

     .....      knowingly, intelligently, and voluntarily _....._ waived ..... did not waive her right to legal counsel; and

     .....      was ..... was not determined to qualify as indigent and ..... was ..... was not appointed an attorney.

5.      The father, .....(name).....:

     .....      did not appear and ..... was ....._was not represented by legal counsel;

     .....      appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

     .....      knowingly, intelligently, and voluntarily _....._ waived ..... did not waive his right to legal counsel; and

..... was ..... was not determined to qualify as indigent and ..... was ..... was not appointed an attorney.

6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of persons notified)......

7. The department filed a ~~predisposition study~~family functioning assessment with the court on .....(date)...... This ~~predisposition study~~family functioning assessment ..... is ..... is not in compliance with the statutory requirements.

8. The department filed a case plan with the court on .....(date)......

a. The terms of the case plan ..... are ..... are not consistent with the requirements of the law and previous orders of this court.

b. The case plan ..... is ..... is not meaningful and designed to address the facts and circumstances on which the court based the finding of dependency.

c. The case plan ..... is ..... is not in the best interest of the minor child(ren).

d. The case plan's stated goal of .......... ..... is ..... is not a reasonable goal.

e. The parents ..... have ..... do not have the ability to comply with the terms of the case plan.

9. There is a need for temporary child support from .....(noncustodial parent(s)).....
and that he/she/they ..... has/have ..... do/does not have the ability to pay child support.

COMMENT: Use 10, 11 & 12 if child(ren) is/are not placed in the home of a parent.

10. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......

11. Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

12. Return of the minor child(ren) to the custody of .....(person from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren), in that ……….._____

13. Prevention or reunification services ..... were not ..... were indicated and are as listed: ......(services indicated)...... Further efforts could not have shortened separation of this family because: ……….._____

COMMENT: Use 14 if the goal of the case plan is reunification.

14.     Reasonable efforts to prevent or eliminate the need for removal of the child(ren) have been made by the department, which provided the following services: ………........................................

COMMENT: Use 15 if child(ren) remain(s) or is/are returned to the parent(s).

15.     The child(ren) can safely ..... remain with ..... be returned to ..... (parent(s)'s name(s))..... as long as he/she/they comply(ies) with the following: ………..................................................................

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

.....-1.   The minor child(ren), .....(name(s))..... be placed in the custody of .....(name)....., under supervision of the department.

2.     The predisposition study_family functioning assessment filed by the department is:

.....     not accepted and a continuance was requested.

.....     accepted by the court.

.....     accepted by the court with the following amendments: ………..................................

3.     The case plan filed by the department is:

.....     not accepted and a continuance is granted for 30 days or less.

.....     accepted by the court.

.....     accepted by the court with the following amendments: ………..................................

4.     All parties are ordered to comply with the provisions of the case plan and any amendments made to it.

COMMENT: Use 5, 6 & 7 if child(ren) is/are placed outside the home.

..... 5.   The mother, .....(name)....., shall pay child support in the amount of $.......... by the .....(day)..... of each month to .....(where money is to be paid)...., beginning on .....(date)..... and continuing until such time as payments begin to be deducted by income deduction order. All child support payments shall be paid to the Clerk of the Circuit Court designated to receive child support payments.

..... 6.   The father, .....(name)....., shall pay child support in the amount of $.......... by the .....(day)..... of each month to .....(where money is to be paid)...., beginning on .....(date)..... and continuing until such time as payments begin to be deducted by income deduction order. All

child support payments shall be paid to the Clerk of the Circuit Court designated to receive child support payments.

..... 7.  The legal custodian shall have the right to authorize for the child(ren) any emergency medical treatment and any ordinary and necessary medical and dental examinations and treatment, including blood testing, preventive care including ordinary immunizations, tuberculin testing, and well-child care, but not including nonemergency surgery, general anesthesia, provision of psychotropic medications, or other extraordinary procedures for which a separate order or informed consent as provided by law is required.

8.  Other: ………..⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

9.  All prior orders not inconsistent with the present order shall remain in full force and effect.

10.  This court shall retain jurisdiction over this cause to enter any such further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).

11.  This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in ...................., Florida, on .....(date)......

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to:

**FORM 8.973A.        ORDER ON JUDICIAL REVIEW FOR CHILD AGE 17 OR OLDER**

ORDER ON JUDICIAL REVIEW FOR CHILD

OVER AGE 17 AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....        .....(Name)....., Child

.....        .....(Name)....., Attorney for the Child

.....        .....(Name)....., Petitioner

.....        .....(Name)....., Attorney for the petitioner

.....        .....(Name)....., Attorney for the department

.....        .....(Name)....., Department caseworker

.....        .....(Name)....., Mother

.....        .....(Name)....., Attorney for mother

.....        .....(Name)....., Father of .....(child).....

.....        .....(Name)....., Attorney for father

.....        .....(Name)....., Guardian ad litem

.....        .....(Name)....., Attorney for guardian ad litem

.....        .....(Name)....., Legal custodian

.....        .....(Name)....., Attorney for legal custodian

.....        .....(Name)....., Other: ...................

and the court having considered:

.....        Judicial Review Social Study Report filed by the Department;

.....        Because the child reached the age of 17 within the past 90 days, written verification that the child:

>        .....        Has been provided with a current Medicaid card and has been provided all necessary information concerning the Medicaid program;

..... Has been provided with a certified copy of his or her birth certificate; and has a valid Florida driver's license or has been provided with a Florida identification card;

..... Has a social security card and has been provided information relating to Social Security Insurance benefits, if the child is believed to be eligible;

..... Has received a full accounting if there is a Master Trust for the child and has been informed as to how to access those funds;

..... Has been provided with information related to the Road-to-Independence Program, including eligibility requirements, information on participation, and assistance in gaining admission to the program; If the child is eligible for the Road-to-Independence Program, has been informed that he or she may reside with the licensed foster family or group care provider with whom the child was residing at the time of attaining his or her 18th birthday or may reside in another licensed foster home or with a group care provider arranged by the department;

..... Has an open bank account or the identification necessary to open a bank account and the information necessary to acquire essential banking and budgeting skills;

..... Has been provided with information on public assistance and how to apply;

..... Has been provided a clear understanding of where he or she will be living on his or her 18th birthday, how living expenses will be paid, and what educational program the child will be enrolled in;

..... Has been provided with information as to the child's ability to remain in care until he [or she] reaches 21 years of age or 22 years of age if he/she has a disability;

..... Has been provided with a letter stating the dates that the child is under the jurisdiction of the court;

..... Has been provided with a letter stating that the child is in compliance with financial aid documentation requirements;

..... Has been provided his or her educational records;

..... Has been provided his or her entire health and mental health records;

..... Has been provided with information concerning the process for accessing his or her case file; and

..... Has been provided with a statement encouraging the child to attend all judicial review hearings occurring after his or her 17th birthday.; and

..... <u>Has been provided with information on how to obtain a driver license or learner's driver license.</u>

..... Statement/homestudy filed by the Department;

..... Report of the Guardian Ad Litem;

..... A case plan, dated .........., filed by the Department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;

..... Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;

..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;

..... Other: ..........

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

..... .....(Name)....., Child

..... .....(Name)....., Attorney for the Child

..... .....(Name)....., Petitioner

..... .....(Name)....., Attorney for the petitioner

..... .....(Name)....., Attorney for the department

..... .....(Name)....., Department caseworker

..... .....(Name)....., Mother

..... .....(Name)....., Attorney for mother

..... .....(Name)....., Father of .....(child).....

..... .....(Name)....., Attorney for father

.....    .....(Name)....., Guardian ad litem

.....    .....(Name)....., Attorney for guardian ad litem

.....    .....(Name)....., Legal custodian

.....    .....(Name)....., Attorney for legal custodian

.....    .....(Name)....., Other: ..............

3.    The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4.    The mother, .....(name).....:

.....    did not appear and ..... was ..... was not represented by legal counsel;

.....    appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

.....    was ..... was not determined to qualify as indigent and

.....    was ..... was not appointed an attorney.

5.    The father, .....(name).....:

.....    did not appear and ..... was ..... was not represented by legal counsel;

.....    appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and

.....    was ..... was not determined to qualify as indigent and

.....    was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

6.    The department filed a judicial review report with the court on .....(date)...... This judicial review report ..... is ..... is not in compliance with the statutory requirements.

7.    The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

8. The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

9. The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

10. The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......

11. The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

12. The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13. The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

15. The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16. The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

17. The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18. The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

19. The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

..... 20. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......

..... 21. Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

..... 22. The children ..... are ..... are not separated in their placements. The following efforts have been made to reunite the siblings: ..........

..... It is not in the siblings' best interest to be reunited in their placement because: ..........

.....      The separate siblings have the following frequency, kind, and duration of contacts: ..........

.....      23.      Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren).

.....      24.      Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because ...........

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

.....      25.      The child(ren) can safely ..... remain with ..... be returned to .....(parent('s)(s') name(s)).... as long as he/she/they comply(ies) with the following: ........... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

.....      26.      The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

.....      27.      The department ….. has ….. has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1.      The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.

2.      The judicial review report filed by the department is:

        .....      not accepted and a continuance was requested.

        .....      accepted by the court.

3.      Other: ................

4.      All prior orders not inconsistent with the present order shall remain in full force and effect.

5.      This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6.      This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall occur first.

7.        This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.

8.        This court shall retain jurisdiction until the child's 21st birthday, or 22nd birthday if the child has a disability, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday, or 22nd birthday if the child has a disability.

9.        This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in .........., Florida, on .....(date)......


_____
Circuit Judge

**NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to ...........

## FORM 8.973B.     ORDER ON JUDICIAL REVIEW

ORDER ON LAST JUDICIAL REVIEW BEFORE CHILD REACHES AGE 18 AND NOTICE

OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....      .....(Name)....., Child

.....      .....(Name)....., Attorney for the Child

.....      .....(Name)....., Petitioner

.....      .....(Name)....., Attorney for the petitioner

.....      .....(Name)....., Attorney for the department

.....      .....(Name)....., Department caseworker

.....      .....(Name)....., Mother

.....      .....(Name)....., Attorney for mother

.....      .....(Name)....., Father of .....(child).....

.....      .....(Name)....., Attorney for father

.....      .....(Name)....., Guardian ad litem

.....      .....(Name)....., Attorney for guardian ad litem

.....      .....(Name)....., Legal custodian

.....      .....(Name)....., Attorney for legal custodian

.....      .....(Name)....., Other: ...................

and the court having considered:

.....      Judicial Review Social Study Report filed by the Department;

.....      Statement/homestudy filed by the Department;

.....      Report of the Guardian Ad Litem;

.....	A case plan, dated .........., filed by the Department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;

.....	Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;

.....	Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;

.....	A copy of the child's transition plan;

.....	Other: .........._____

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.	That the minor child(ren) who …..is/are….. the subject matter of these proceedings …..was/were….. adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and …..is/are…..- resident(s) of the state of Florida.

2.	The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

.....	.....(Name)....., Child

.....	.....(Name)....., Attorney for the Child

.....	.....(Name)....., Petitioner

.....	.....(Name)....., Attorney for the petitioner

.....	.....(Name)....., Attorney for the department

.....	.....(Name)....., Department caseworker

.....	.....(Name)....., Mother

.....	.....(Name)....., Attorney for mother

.....	.....(Name)....., Father of .....(child).....

.....	.....(Name)....., Attorney for father

.....	.....(Name)....., Guardian ad litem

.....	.....(Name)....., Attorney for guardian ad litem

.....	.....(Name)....., Legal custodian

..... .....(Name)....., Attorney for legal custodian

..... .....(Name)....., Other: ...........~~~~~~~~~

3. The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4. The mother, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

5. The father, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

6. The department filed a judicial review report with the court on .....(date)...... The judicial review report ..... is ..... is not in compliance with the statutory requirements.

7. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

8. The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

9. The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

10.    The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......

11.    The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

12.    The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13.    The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14.    The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

15.    The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16.    The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

17.    The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18.    The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

19.    The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

20.    It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......

21.    Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

.....    22.    The children ..... are ..... are not separated in their placements. The following efforts have been made to reunite separated siblings: ..........

.....    It is not in the best interest of each sibling to be reunited in their placement because: ..........

.....    Each sibling has the following frequency, kind, and duration of contacts: ..........

23.    Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of

the minor child(ren). The child(ren) cannot safely ..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren).

24.     Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because ...........

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

25.     The child(ren) can safely ..... remain with ..... be returned to ..... (parent('s)(s') name(s)).... as long as he/she/they comply(ies) with the following: ........... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

26.     The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

27.     The department ..... has ..... has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

.....     28.     The child does plan on remaining in foster care.

          a.      the child will meet the requirements by ..........

          b.      the supervised living arrangement will be ..........

          c.      the child has been informed of

                  .....     (1)     the right to continued support and services;

                  .....     (2)     the right to request termination of this court's jurisdiction and to be discharged from foster care;

                  .....     (3)     the opportunity to reenter foster care pursuant to Florida law.

.....     29.     The child does not plan on remaining in foster care. The child has been informed of:

          .....     a.      services of benefits for which the child may be eligible based upon the child's placement and length of time spent in licensed foster care;

          .....     b.      services or benefits that may be lost through a termination of the court's jurisdiction; and

          .....     c.      other federal, state, local, or community-based services or supports available to the child.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.

2. The judicial review report filed by the department is: ..... not accepted and a continuance was requested ..... accepted by the court.

3. The child's transition plan is: ..... not approved and a continuance was requested ..... approved by the court.

34. Other: ....................

45. All prior orders not inconsistent with the present order shall remain in full force and effect.

56. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

67. This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall occur first.

78. This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.

89. This court shall retain jurisdiction until the child's 21st birthday, or 22nd birthday if the child has a disability, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday, or the 22nd birthday if the young adult has a disability.

910. This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in .........., Florida, on .....(date)......

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

- 33 -

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to: ..........

**FORM 8.973C.** **ORDER ON JUDICIAL REVIEW FOR YOUNG ADULTS IN EXTENDED FOSTER CARE**

ORDER ON JUDICIAL REVIEW FOR YOUNG ADULTS IN EXTENDED FOSTER CARE AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

..... .....(Name)....., Young Adult

..... .....(Name)....., Attorney for the Young Adult

..... .....(Name)....., Petitioner

..... .....(Name)....., Attorney for the petitioner

..... .....(Name)....., Attorney for the department

..... .....(Name)....., Department caseworker

..... .....(Name)....., Guardian ad litem

..... .....(Name)....., Attorney for the guardian ad litem

..... .....(Name)....., Other: ...................

and the court having considered:

..... Judicial Review Social Study Report filed by the Department;

..... Case Plan filed by the Department

..... Report of the Guardian Ad Litem;

..... A copy of the young adult's transition plan;

..... Other: ...................

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. The young adult ….. is ….. is not making progress in meeting the case plan goals, as follows: ...................

2. The case plan and/or the young adult's transition plan shall be amended as follows: ...................

3. The Department and all services providers ..... have ..... have not provided the appropriate services listed in the case plan. ..... The Department must take the following action to ensure the young adult receives identified services that have not been provided: ...........

..... 4. The young adult ..... is ..... is not separated from siblings in out-of-home care. The following efforts have been made to reunite separated siblings: ....................................................
..........................................................................................................................................................
..........................................................................................................................................................

..... It is not in the best interest of each sibling to be reunited in their placement because:
..........................................................................................................................................................
.............................................................................................................................

..... Each sibling has the following frequency, kind and duration of contacts:
..........................................................................................................................................................
.............................................................................................................................

5. Jurisdiction in this case should be terminated based on the following facts:

..... a. The young adult has requested termination of jurisdiction; or

..... b. The young adult has been informed by the department of his or her right to attend this hearing and has provided written consent to waive this right, and

..... c. The young adult has been informed of the potential negative effects of early termination of care, the option to reenter care before reaching 21 years of age, or 22 years of age if the young adult has a disability, the procedure for and the limitations on reentering care, and the availability of alternative services, and has signed a document attesting that he or she has been so informed and understands these provisions; or

..... d. The young adult has voluntarily left the program, has not signed the document indicated above, and is unwilling to participate in any further court proceeding; or

..... e. The young adult has been involuntarily discharged from the program by written notification dated .........., and the young adult has not appealed the discharge decision.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The judicial review report filed by the department is:

..... not accepted and a continuance was requested.

..... accepted by the court.

2. All prior orders not inconsistent with the present order shall remain in full force and effect.

..... 3. This court shall retain jurisdiction until the young adult's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth; or

..... 4. This court shall retain jurisdiction until the young adult's 21st birthday, <u>or 22 years of age if the young adult has a disability,</u> unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday; or

..... 5. Jurisdiction over this cause is hereby terminated.

..... 6. Other: .....................

..... 7. This matter is scheduled for Judicial Review on …..(date)….. at ......(time)......

DONE AND ORDERED in .........., Florida, on ......(date)......

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to: ……….